**Azeb Zeleke WELDE, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70133.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2005.

Decided Dec. 19, 2005.

Yemi Getachew, The Law Offices of Yemi Getachew, San Jose, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, THOMPSON, and BEA, Circuit Judges.

## MEMORANDUM *

Azeb Zeleke Welde, a native and citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant Welde's petition for review and remand for a determination on the merits. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

"When the BIA affirms an IJ's decision without opinion, we review the IJ's decision as the final agency determination." *Kaur v. Gonzales,* 418 F.3d 1061, 1064 (9th Cir.2005). "We review adverse credibility determinations under the substantial evidence standard." *Wang v. Ashcroft,* 341 F.3d 1015, 1021 (9th Cir.2003). "To determine whether substantial evidence supports the [IJ's] finding, we evaluate each

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ground cited by the [IJ] for [her] finding." *Id.*

The IJ's adverse credibility finding is not supported by substantial evidence because petitioner's inconsistent testimony goes to minor details only. *See id.* (finding that inconsistent statements that do not go to the heart of an asylum claim cannot constitute substantial evidence).

Moreover, the IJ's requirement of additional corroboration of petitioner's Eritrean ethnicity beyond her testimony was legally erroneous. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997) ("Because asylum cases are inherently difficult to prove, an applicant may establish his case through his testimony alone."). Regardless, Welde provided credible corroborating witness testimony from her former neighbor in Ethiopia who testified to Welde's Eritrean ethnicity.[1] *Vera–Villegas v. INS*, 330 F.3d 1222, 1225 (9th Cir. 2003) (emphasizing that a witness's testimony "may not be rejected on credibility grounds without a specific finding accompanied by a clear and direct explanation of persuasive reasons for such rejection"); *see also Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir.2004) ("Absent an explicit adverse credibility finding, a witness's testimony must be accepted as true.").

**PETITION GRANTED. REMANDED** for a determination, giving credit to Welde's testimony.

---

1. The IJ made no adverse credibility determination as to Welde's former neighbor.